## LEHMAN v. RIPLEY et al.

(District Court, D. Colorado. September 22, 1922.)

No. 7248.

1. **Patents ⊚=17—Mere advancement by original method not invention.**

A mere advancement of the original thought, a better doing of that which has already been done, the attainment of a more perfect result by the same methods, or the correction of a more or less obvious defect or fault, such as might be expected of a skillful mechanic in the particular art, are not grounds for a patent.

2. **Patents ⊚=328—1,168,945, for a foldable cuff, void for lack of invention.**

The Lehman patent, No. 1,168,945, for a foldable cuff, *held* void for lack of invention, in view of the prior art.

In Equity. Suit by John L. G. Lehman against George A. Ripley and others. Decree for defendants.

J. W. Kelley, of Denver, Colo., for plaintiff.

A. J. O'Brien, of Denver, Colo., for defendants.

SYMES, District Judge. This is an action against the four defendants named for alleged infringement of letters patent issued to the plaintiff, John L. G. Lehman, January 18, 1916, No. 1,168,945, for improvement in foldable cuffs. The defendants deny the infringement. They also deny that the plaintiff was the original or first inventor of the improvements on foldable cuffs described in the patent, and plead that the same were known and used by others long before the date of plaintiff's patent, and that it is therefore null and void.

Shirt makers, and others interested, have sought for many years to devise an attached cuff that would not become soiled within an unreasonably short period of time; it being apparent that the cuff, being the most exposed part of a shirt, becomes more easily soiled and worn, thereby necessitating laundering and replacement more often than required by the balance of the shirt, especially when worn with the coat off.

The solution of this problem has been along the line of devising a permanently attached cuff, capable of being reversed or folded in opposite directions. In addition, it was found necessary to deceive the casual observer, so that the cuff could be reversed, the soiled outer edge hidden, and a clean edge presented, without the fact that it had been so reversed being apparent. This must be accomplished, it seems, by retaining the desired refined appearance when reversed, giving the cuff the appearance, when so reversed, that it was only folded outwardly in the usual and customary way.

Certain forms of cuff have been devised and patented from time to time which accomplished the first object stated, but did not prove a success, because they disclosed, when worn, especially with the coat off, that the cuff had been reversed. This objection appears to have been fatal from a commercial point of view, and efforts to devise a reversible cuff that would accomplish the deception sought were continued.

⊚=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the latter part of 1913, patent No. 1,079,484 was granted to one H. Friedmann (defendant's Exhibit 11), the claim of which stated (page 1, line 45):

"The principal object of my invention is to adapt a fold or French cuff for use either in its ordinary or in reversed form, without rendering the reversal apparent to a casual observer."

This was accomplished by providing what is called a free or loose flap, 5, extending above the point where the cuff was attached to the sleeve. When the cuff is worn in the ordinary way—that is, folded outwardly—this flap is concealed; but, upon the cuff becoming soiled and being reversed, or folded inwardly, this free flap prevents the reversal being noticed, and to the casual observer apparently forms the end or edge of the cuff that projects beyond the cuff button, in the normal position of a folded cuff.

The Lehman patent, granted nearly three years later than the Friedmann patent, does not contain a new or pioneer idea in this art, but is admittedly an improvement or advance over the Friedmann cuff, and the patent is confined to very narrow limits. In fact, it was freely admitted by the plaintiff on the trial that the merit of this one was that it was practically impossible to tell if the cuff had been reversed, and that the patent was not merely for a reversible cuff, but a certain feature thereof, and that other reversible cuffs had been made before.

It has the same free flap (Fig. E, Lehman patent), and the claim discloses it to be an improvement on the same type of foldable cuff. It is further claimed that, in the event of soiling of the folded edge of the cuff, the unsightly effect may be overcome by folding the outer or free layer inwardly, but that in doing this the desired refined appearance of the cuff is marred, unless special provision is made to imitate, when reversed, the appearance of the cuff in its normal position. The patentee further states:

"I accomplished this effect in an improved manner." Lehman patent, page 1, line 56.

The drawings disclose that this improved manner is the use of a free or loose flap (Fig. E, Lehman patent), extending, as in the Friedmann patent, upward from the point where the cuff is attached to the sleeve. An examination of the claim and drawings discloses that the structures of the two are the same, except that in the Friedmann patent the row of stitching, 6, which secures the lower ege of the free flap and the cuff to the sleeve, is sewn through the entire thickness of material at that point, and there is no row of stitches on the extreme edge of this free flap; while in the Lehman cuff the stitching at F does not go through the outer ply, and therefore is concealed, but does contain a row of marginal stitching, K. This latter, however, is optional. Lehman patent, page 2, lines 42 and 43. This stitching, therefore, appears to be the only difference between the Friedmann and the Lehman patents, and is readily apparent upon examination of Defendant's Exhibit, the Friedmann cuff, Plaintiff's Exhibit CC, and Plaintiff's Exhibit F, the Lehman cuff. Assuming that the Friedmann patent was known to Lehman at the time of his application, the question for decision is whether this difference is sufficient grounds for a patent.

A proper definition of "invention," for use in interpreting the patent laws, has not, and probably cannot be, accurately declared, and has been the subject of much discussion in numerous cases. A patent must contain the element of novelty or discovery in order to secure legal protection. One authority says that invention is the production of "something new and useful"; but this does not solve the question, because the question immediately arises: What is new, as distinguished from a variation or mere mechanical improvement? It would seem that the court in any given case must decide whether the particular device in question shows an exercise of the so-called inventive faculty or not, as distinguished from mere mechanical improvement or skill.

[1] It is settled by abundant authority that a mere advancement of the original thought, a better doing of that which has already been done, the attainment of a more perfect result by the same methods, or the correction of a more or less obvious defect or fault, such as might be expected of a skilled mechanic in the particular art, are not grounds for a patent. Atlantic Works v. Brady, 107 U. S. 192, 2 Sup. Ct. 225, 27 L. Ed. 438; Hollister v. Benedict Mfg. Co., 113 U. S. 59, 5 Sup. Ct. 717, 28 L. Ed. 901; Smith v. Nichols, 21 Wall. 112, 22 L. Ed. 566; Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 20 Sup. Ct. 708, 44 L. Ed. 856. In the advancement of any process or art, it is difficult to establish the line where mechanical skill and ingenuity in effecting improvements becomes inventive art.

[2] Applying the above rules to the present case, I am of the opinion that the Lehman patent does not show a sufficient advancement or difference over the Friedmann, and other previous patents, as to take it across this line. The object sought in both was admittedly to deceive the casual observer as to whether or not the so-called French type of cuff was or was not reversed. It might well be said that an examination of the exhibits by a casual or skilled observer would not disclose any difference between the Friedmann patent and the Lehman patent, unless such an observer took note of the different line of and manner of stitching described above, and even then could it be said that this difference was sufficient to disclose or require an inventive creation, as distinguished from what is apparently an improvement of the Lehman cuff over the Friedmann cuff? I think not. In Beecroft & Blackman v. Rooney et al. (C. C. A.) 280 Fed. 543, at page 546, the court says:

"The device is a simple one. To allow the appellee to prevail with his patent would be to lower the standard required for invention, which is constantly being raised. It needs no citation of authorities to support the doctrine that the accepted skill of a calling is not patentable, and the mere covering up or concealing of one form of molding rather than another does not involve invention. The case is controlled by the rule announced in similar cases."

This view of the case renders it unnecessary to consider the other questions raised.

The bill will be dismissed, with costs in favor of the plaintiff.